UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| DAVID THURLOW, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 2:16-cr-00053-DBH |
| | ) | 2:19-cv-00216-DBH |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |

**RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

Petitioner moves, pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct his sentence. (Motion, ECF No. 54.) Following a guilty plea, Petitioner was convicted of distributing fentanyl; the Court sentenced Petitioner to 120 months in prison to be served concurrently with a state sentence. (Amended Judgment, ECF No. 35.) The First Circuit affirmed. (Judgment of the U.S. Court of Appeals, ECF No. 51.)

Petitioner claims his counsel was ineffective for failing to investigate and challenge two uncharged drug transactions considered at sentencing and for failing to maintain a challenge to the amount of cash that was converted to an amount of fentanyl for purposes of sentencing. (Motion at 2 – 4.) Petitioner also seeks to amend his § 2255 motion in order to supplement his argument. (Motion to Supplement, ECF No. 84.) The Government requests dismissal. (Response, ECF No. 61.)

Following a review of the record and after consideration of Petitioner's motions and the Government's request for dismissal, I grant Plaintiff's motion to amend his § 2255

motion to supplement his argument, and I recommend the Court grant the Government's request to dismiss Petitioner's § 2255 motion.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### A.   Investigation and Guilty Plea

State and federal law enforcement officials, with the assistance of a confidential source, conducted a series of four controlled buys between December 2015 and February 2016, in which transactions Petitioner sold varying quantities of purported heroin, which was later determined to be approximately 70 grams of fentanyl.  (Prosecution Version, ECF No. 12; Presentence Investigation Report (PSR) ¶ 3.)  In February 2016, federal and state law enforcement officials searched Petitioner's residence and the vehicles located at the residence and found approximately $15,300 in cash and 60 grams of fentanyl.  (PSR ¶¶ 4–5.)  Petitioner admitted to law enforcement officials that he had trafficked fentanyl and reported that about $10,000 of the cash represented proceeds of drug transactions.  (*Id.* ¶ 7.)  Petitioner was allowed to surrender to state authorities and was detained in March 2016.  (*Id.* ¶ 1.)  In April 2016, the Government charged Petitioner with four counts of distributing fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).  (Information, ECF No. 4.)  In June 2016, Petitioner pled guilty to all four counts of distributing fentanyl.  (Change of Plea Hearing, ECF No. 15.)

### B.   Sentencing and Property Proceedings

For purposes of calculating Petitioner's offense level under the sentencing guidelines, the Probation Officer determined that Petitioner was accountable for approximately 385 grams of fentanyl, based on the controlled buys, the seized fentanyl,

and the $15,300 cash. (PSR ¶¶ 5, 8.) The Probation Officer also noted, "[i]n March and April of 2016, a cooperating defendant provided . . . information" about two different prior transactions involving 100 grams of heroin. (*Id.* ¶ 7A.) Based on 385 grams of fentanyl and 100 grams of heroin, along with an increase for his supervisory role and a decrease for his acceptance of responsibility, Petitioner's total offense level was found to be 30. (*Id.* ¶¶ 14, 17, 21–23.) Petitioner had a criminal history category of IV. (*Id.* ¶ 35.) The resultant advisory sentencing guideline range was 135 to 168 months imprisonment. (*Id.* ¶ 68.) In August 2016, Petitioner objected to the guideline calculation because he believed only $10,000 of the cash should have been converted to an amount of fentanyl. (Letter, ECF No. 61-6.)

At the sentencing hearing in September 2016, Petitioner withdrew the objection to the drug quantity calculation, but sought a variant sentence. (Sentencing Hearing, ECF No. 27; Sentencing Transcript at 3, ECF No. 49.) Upon inquiry from the Court, Petitioner represented that he had read the PSR, discussed it with his lawyer, and had enough time to review it with counsel. (Sentencing Transcript at 4.) The Court asked Petitioner about his attorney's assertion that "there are no more disputes" and that Petitioner "accept[s] the contents of the revised presentence report," to which Petitioner replied, "That's correct." (*Id.* at 5.) The Court sentenced Petitioner to 120 months imprisonment, which sentence was below the guideline recommendation. (Judgment, ECF No. 30; Amended Judgment, ECF No. 35.)

Meanwhile, in July 2016, Petitioner filed a civil suit in federal court seeking to have the seized money returned. (Complaint, 2:16-cv-00375-DBH, ECF No. 1.) After the

Government moved to dismiss on the grounds that the money was in state possession, the Court dismissed the civil suit in March 2017. (Order Affirming Recommended Decision, 2:16-cv-00375-DBH ECF No. 31.) Petitioner intervened in a state forfeiture proceeding, which resulted in a May 2017 settlement agreement with the State of Maine, pursuant to which agreement, the State returned $2,788. (ECF No. 54-10, 54-17.)

**C.     Appeal**

Petitioner appealed from the judgment and argued that the drug quantity was too high because the two additional heroin transactions should not have been included as relevant conduct. (Judgment of the U.S. Court of Appeals at 1.) The First Circuit dismissed the appeal, however, because the Court determined that Petitioner had waived the arguments by expressly withdrawing his objection to the drug quantity calculation. (*Id.* at 1-2.)

## DISCUSSION

**A.     Legal Standards**

A person may move to vacate his or her sentence on one of four different grounds: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction" to impose its sentence; (3) "that the sentence was in excess of the maximum authorized by law"; or (4) that the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see Knight v. United States*, 37 F.3d 769, 772 (1st Cir. 1994).

"[P]*ro se* habeas petitions normally should be construed liberally in petitioner's favor." *United States v. Ciampi*, 419 F.3d 20, 24 (1st Cir. 2005) (citing *Estelle v. Gamble*,

429 U.S. 97, 106 (1976)). The burden is on the section 2255 petitioner to establish by a preponderance of the evidence that he or she is entitled to section 2255 relief. *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998); *United States v. DiCarlo*, 575 F.2d 952, 954 (1st Cir. 1978). When "a petition for federal habeas relief is presented to the judge who presided at the petitioner's trial, the judge is at liberty to employ the knowledge gleaned during previous proceedings and make findings based thereon without convening an additional hearing." *United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993).

A collateral challenge is not a substitute for an appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982); *Berthoff v. United States*, 308 F.3d 124, 127 (1st Cir. 2002). "[A] defendant's failure to raise a claim in a timely manner at trial or on appeal constitutes a procedural default that bars collateral review, unless the defendant can demonstrate cause for the failure and prejudice or actual innocence." *Berthoff*, 308 F.3d at 127-28. Procedural default is an affirmative defense. *Sotirion v. United States*, 617 F.3d 27, 32 (1st Cir. 2010). The First Circuit has recognized that "federal courts have the authority to consider procedural default *sua sponte*." *Rosenthal v. O'Brien,* 713 F.3d 676, 683 (1st Cir. 2013) (citing *Brewer v. Marshall,* 119 F.3d 993, 999 (1st Cir. 1997)); *see also Daniels v. United States*, 532 U.S. 374, 382-83 (2001) (recognizing that "procedural default rules developed in the habeas corpus context apply in § 2255 cases") (citing *Frady*, 456 U.S. at 167-68).

An allegation of ineffective assistance of counsel can excuse a procedural default if the petitioner demonstrates that counsel's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). The petitioner must also demonstrate that "there is a reasonable probability that, but for counsel's

5

unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.  A district court reviewing a claim of ineffective assistance of counsel need not address both prongs of the *Strickland* test because a failure to meet either prong will undermine the claim.  *Id.* at 697.

If a petitioner's "claims fail on the merits, his related claims that counsel rendered ineffective assistance in failing to press the claims at trial or on appeal must also fail." *Tse v. United States*, 290 F.3d 462, 465 (1st Cir. 2002) (per curiam).

Under the law of the case doctrine, "issues disposed of in a prior appeal will not be reviewed again by way of a 28 U.S.C. § 2255 motion." *Singleton v. United States*, 26 F.3d 233, 240 (1st Cir. 1994) (internal modifications and quotation marks omitted); *see also Elwell v. United States*, 95 F.3d 1146, 1996 WL 516138 at *5 (1st Cir. 1996) (holding that a petitioner "is not entitled on collateral review to relitigate issues raised on direct appeal, absent an intervening change in the law"); *White v. United States*, 371 F.3d 900, 902 (7th Cir. 2004) (collecting cases and explaining limited exceptions).

"Evidentiary hearings on § 2255 petitions are the exception, not the norm, and there is a heavy burden on the petitioner to demonstrate that an evidentiary hearing is warranted. An evidentiary hearing 'is not necessary when a [§] 2255 petition (1) is inadequate on its face, or (2) although facially adequate, is conclusively refuted as to the alleged facts by the files and records of the case.'" *Moreno-Morales v. United States*, 334 F.3d 140, 145 (1st Cir. 2003) (citation omitted) (quoting *DiCarlo*, 575 F.2d at 954 (quotation marks omitted)).

Summary dismissal of a motion is permitted when the allegations are "'vague, conclusory, or palpably incredible,'" even "'if the record does not conclusively and expressly belie [the] claim.'" *David*, 134 F.3d at 478 (quoting *Machibroda v. United States*, 368 U.S. 487, 495 (1962)). A court can reasonably require a petitioner to supply the court with salient details of the claim prior to permitting discovery or a hearing. *Id.* (holding that "the district court did not abuse its discretion in refusing to license a fishing expedition").

## B. Ineffective Assistance of Counsel

Petitioner claims his attorney provided constitutionally ineffective assistance regarding the drug quantity calculation by failing to investigate the heroin transactions (i.e., the conduct discussed in paragraph 7A of the PSR) and the true proportion of the cash proceeds, and by advising Petitioner to withdraw the objection to the drug quantity calculation.[1] Petitioner has not shown that counsel failed to investigate, especially considering the evidence in the record that counsel met with the government to review the Government's evidence concerning the heroin transactions and the cash proceeds. (See ECF No. 61-8.) The record reveals that counsel was simply persuaded that Petitioner

---

[1] Petitioner also frames the two bases of his ineffective assistance claim as stand-alone challenges to his sentence, but those claims are barred on habeas review. The underlying claim about the drug quantity calculation based on the heroin transactions was argued and rejected (as waived) on appeal and thus is barred by the law of the case doctrine here. *See Singleton v. United States*, 26 F.3d 233, 240 (1st Cir. 1994). The underlying claim about the drug quantity calculation based on the cash that was ultimately returned to him is also likely waived for the same reasons the First Circuit rejected his other argument on appeal. Even if it was not intentionally waived, the claim is procedurally defaulted because Petitioner did not raise the argument on appeal. *See United States v. Frady*, 456 U.S. 152, 165 (1982); *Berthoff v. United States*, 308 F.3d 124, 127 (1st Cir. 2002) ("a defendant's failure to raise a claim in a timely manner at trial or on appeal constitutes a procedural default that bars collateral review, unless the defendant can demonstrate cause for the failure and prejudice or actual innocence"). The only argument Petitioner presents that could be interpreted as cause for the procedural default is ineffective assistance of counsel.

would fare better at sentencing by declining to contest the quantity calculation because such an argument might undermine his request for a reduction for acceptance of responsibility and detract from his arguments in support of a variant sentence.  Counsel's strategic decision was within the bounds of reasonable professional judgment and is "the sort of technical, strategic decision-making that [reviewing courts] are loath to second guess."  *United States v. Dunfee*, 821 F.3d 120, 130 (1st Cir. 2016); *see also*, *United States v. Ortiz Oliveras*, 717 F.2d 1, 4 (1st Cir. 1983) (rejecting ineffective assistance claim based on counsel's advice to waive a known right in part because "counsel may have believed the judge would be more sympathetic in sentencing").

Even if counsel's performance was deficient, Petitioner has failed to show that he was prejudiced by his counsel's alleged inadequate investigation and decision not to contest the heroin transactions and the source of some of the cash.  Petitioner, who was in the best position to know whether he had participated in the heroin transactions and which portion of the cash represented drug proceeds, confirmed the accuracy of the PSR upon the Court's inquiry.  Petitioner's representations to the Court thus undermine any suggestion that further investigation would have produced information to refute Petitioner's involvement in the heroin transactions.[2]

---

[2] Petitioner seeks to supplement his § 2255 motion in order to claim that, based on the heroin transactions identified in ¶ 7A of the PSR, some of the cash should have been converted to drugs for purposes of calculating the drug quantity using the value of heroin, rather than fentanyl.  Petitioner's motion to amend is governed by Federal Rule of Civil Procedure 15.  See 28 U.S.C. § 2242; Rules Governing Section 2255 Proceedings, Rule 12.  Rule 15(a)(1) permits a litigant to amend a pleading "once as a matter of course," subject to certain time constraints.  Fed. R. Civ. P. 15(a)(1).  However, when a party seeks to amend a complaint more than 21 days after the filing of a responsive pleading, the other party's consent or leave of court is required in order to amend the complaint.  Fed. R. Civ. P. 15(a)(2).  In such a case, the court is to grant leave to amend "freely" when "justice so requires."  *Id.*; *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory

Petitioner's other arguments are also unpersuasive. For example, Petitioner challenges the Government's assertion that he could have raised on appeal his objection to the conversion of all the cash to an amount of fentanyl given that the state agreed to return some of the money. Although Petitioner argues that he did not receive the money until after he filed his opening brief on appeal, he fails to explain why he was unable to challenge the amount at sentencing or on appeal based on the agreement he reached with the state before he filed his opening brief, even though he had not yet received the money.

Petitioner also disputes the Government's assertion that the PSR described information about prior heroin transactions that was relayed in March and April 2016, after he was detained, but did not describe transactions that occurred during that time frame. Petitioner alleges that he arranged the transactions while in custody, citing emails that show that the Government was aware that the transactions occurred while he was incarcerated. Petitioner contends the Government has made contradictory arguments regarding the time of the heroin transactions, particularly when the email communications are examined.

First, in its request for dismissal, the Government accurately describes the information contained in the PSR. Furthermore, the Government's acknowledgment that it

---

motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'"). I grant Petitioner's motion to supplement his § 2255 motion and consider the arguments.

This additional ground does not warrant relief, however, for the same reasons as his other challenges are unavailing. The underlying argument is procedurally barred because Petitioner declined the opportunity to raise it at sentencing and on appeal, and Petitioner's counsel was not deficient for choosing to focus on the acceptance of responsibility and variant sentence arguments. Furthermore, Petitioner has not established that he was prejudiced because he has not shown that any of the cash was derived from the heroin transactions or that a different conversions rate would have made a difference in the guideline range.

9

learned of Petitioner's continued drug activity does not necessarily establish that the heroin transactions occurred after Petitioner's incarceration. That is, the drug transactions referenced in the PSR are not necessarily the drug transactions in which Petitioner engaged while in custody. Petitioner, therefore, has not established that the Government's statements were contradictory or that the Government otherwise engaged in in appropriate conduct. Furthermore, given that Petitioner acknowledged the accuracy of the information in the PSR, which information included Petitioner's involvement in the heroin transactions, Petitioner has failed to demonstrate any prejudice as the result of the Government's alleged conduct.[3]

## CONCLUSION

Based on the foregoing analysis, I grant Petitioner's motion to supplement the § 2255 motion (ECF No. 84) and recommend the Court deny Petitioner's motion for an evidentiary hearing (ECF No. 65) because a hearing is not warranted under Rule 8 of the Rules Governing Section 2255 Cases. In addition, I recommend that the Court deny Petitioner's motion for habeas relief under 28 U.S.C. § 2255. I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

---

[3] Petitioner has not otherwise plausibly alleged anything that entitles him to relief or warrants an evidentiary hearing. *See Moreno-Morales*, 334 F.3d at 145 (1st Cir. 2003) ("Evidentiary hearings on § 2255 petitions are the exception, not the norm, and there is a heavy burden on the petitioner to demonstrate that an evidentiary hearing is warranted").

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 13th day of March, 2020.