UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA,       )<br>                                                        )<br>                                                        )<br>v.                                                     )<br>                                                        )<br>DAVID THURLOW,                         )<br>                                                        )<br>         DEFENDANT/PETITIONER   )  | CRIMINAL NO. 2:16-CR-53-DBH |

ORDER AFFIRMING RECOMMENDED DECISION
OF THE MAGISTRATE JUDGE

On March 13, 2020, the United States Magistrate Judge filed with the court, with copies to the parties, his Recommended Decision on 28 U.S.C. § 2255 Motion (ECF No. 86). The petitioner filed his objection to the Recommended Decision on March 31, 2020 (ECF No. 90). On April 23, 2020, he filed additional attachments consisting of pages 9-12 from his Reply Brief before the Magistrate Judge (ECF No. 91 (copying and underlining pages of ECF No. 64)). On May 7, 2020, he filed a letter argument with case citations (ECF No. 92). I have reviewed and considered the Recommended Decision, together with the entire record; I have made a *de novo* determination of all matters adjudicated by the Recommended Decision; and I concur with the recommendations of the United States Magistrate Judge for the reasons set forth in the Recommended Decision, as modified below, and determine that no further proceeding is necessary.

**BACKGROUND**

On September 29, 2016, I sentenced David Thurlow III to federal prison for narcotics trafficking. I made the federal sentence concurrent with state sentences Thurlow was also confronting. At sentencing Thurlow told me he had no objections to the contents of his presentence report. I gave him a 3-level reduction for accepting responsibility and sentenced him to 120 months (15 months below the bottom of the Guideline range of 135 to 168 months, on account of the section 3553(a) factors). J. as to David Thurlow (ECF No. 30); Am. J. as to David Thurlow (ECF No. 35). Thurlow appealed, and the First Circuit affirmed the sentence. J. of Ct. of Appeals (ECF No. 51).

Now Thurlow has brought a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Initially he raised two major issues and requested an evidentiary hearing. Mot. to Vacate, Set Aside, or Correct Sent. (ECF No. 54). On the first issue, he claimed that he received ineffective assistance of counsel because his lawyer failed to investigate two additional narcotics transactions that the government used as a basis to increase his base offense level. On the second issue, he argued that the State of Maine's post-sentencing return of a *portion* of cash that had been seized during a search of his residence requires a reduction of the total offense level and Guideline range because the Presentence Report had converted *all* the seized cash to its equivalent drug quantity.

The Magistrate Judge recommended that I deny Thurlow's motion without an evidentiary hearing. Recommended Dec. (ECF No. 86). Thurlow objected to the recommendation, Pet'r's Objs. to Recommended Dec. & Add'l Attachs. (ECF

2

Nos. 90, 91, & 92), but in doing so, he abandoned the first issue and now relies solely upon the post-sentence return of cash by the State.[1]  I therefore deal only with that single remaining issue.

### PETITIONER'S CASH/DRUG QUANTITY CALCULATION ARGUMENT

In calculating the drug quantity for which Thurlow should be held responsible in the Guidelines calculations, the Presentence Report took into account cash that was found in Thurlow's residence and in a car there.  Rev. Present. Rep. ¶ 5.  The Presentence Report treated the cash as proceeds of narcotics sales, converting the $15,335 total to an equivalent quantity of illegal narcotics.  Thurlow's lawyer initially challenged the calculation saying that only $10,000 of the seized amount represented drugs.  Fax from Attorney to Probation Officer, Resp. Ex. 6 (ECF No. 61-6).  But he specifically abandoned that argument at sentencing, saying to me in Thurlow's presence:

> [A]t the presentence conference there were essentially two disputes.  One was concerning drug quantity and one was concerning role in the offense. . . . [A]fter discussion with the Government, we have agreed that we will not contest the drug quantity, we will not contest the role in the offense.  We will, however, be asking for a variance on various grounds that we have already discussed, and that's essentially the nature of the sentencing.

Sent'g Tr. at 3:2-13 (ECF No. 48).  Then I questioned Thurlow as follows:

> I met with your lawyer and the prosecutor in my office some time ago to find out what was in dispute.  And there were a few disputes at the time, but you've heard your lawyer just

---

[1] Thurlow's objection states:
> These Objections in this instant action will be in regards to, and in regards to ONLY the Magistrates Recommendation made regarding the U.S. Currency that was returned to the Petitioner POST SENTENCING, by the State of Maine, and AFTER he filed his opening brief to his direct appeal.

Pet'r'r Objs. to Recommended Dec. at 1 (ECF No. 90).

3

> say to me that now there are no more disputes and that you accept the contents of the revised presentence report, but he'll be seeking what we sometimes call a variant sentence, a sentence outside the guidelines. Is that your understanding as well?

Thurlow answered: "That's correct." Id. at 4:22-5:6.

In July, before his September sentencing, Thurlow had brought a federal lawsuit, No. 2:16-cv-375-DBH, for return of all the seized money. In March 2017 (well after sentencing), I dismissed that lawsuit because state authorities had possession of the cash (ECF No. 31 for that docket number). The State proceeded to seek forfeiture of the seized cash and gave notice of the forfeiture proceedings to Thurlow.[2] Thereafter, Thurlow participated in those state forfeiture proceedings, and the state ultimately settled the case by agreeing to return $2,788 to him in 2017, but keeping the rest. Final Order of Disposition of Prop., Mot. Ex. A-16, at 2 (ECF No. 54-17).[3]

Thurlow now argues in this federal 2255 motion that if the drug equivalent of that returned cash (46 grams of fentanyl) is subtracted from the total drug quantity the Presentence Report attributed to him for the federal sentence, his base offense level and total offense level both should decrease by 2 levels and the Guideline range should have been 110-137 months. Pet'r's Reply at 21 (ECF No.

---

[2] There were separate state proceedings against Thurlow's spouse. See Notice of Imminent Forfeiture, Mot. Ex. A-4, at 2 (ECF No. 54-5).
[3] For unknown reasons, the amount actually transferred to his commissary account was $2,880. See ECF No. 54-11.

4

64). The 120-month sentence I imposed is within that range, but Thurlow thinks that I should vary below the range once again. Id.[4]

On this remaining claim, Thurlow does not explicitly argue ineffective assistance of counsel.[5] He is unhappy with his defense lawyer, but that is because the lawyer did not pursue the claim for return of the cash on Thurlow's behalf and because, Thurlow says, his lawyer told a state assistant Attorney General, without consulting Thurlow, that Thurlow would not claim the cash because it would be bad strategy for his federal defense. Pet'r's Mot. at 12. Thurlow does not say that his counsel's representation at sentencing led to an improper conversion of the seized cash to drug quantity. Instead, he argues simply that the Guidelines should now be recalculated without including the cash the State later returned to him.

---

[4] He also says that at a state court hearing on the forfeiture, a DEA agent testified that the entire amount of the seized cash had nothing to do with the federal charges on which Thurlow was convicted. Pet'r's Reply at 10. Even if that occurred, it does not help Thurlow in this proceeding, for the reasons I set out in text.

[5] See, e.g., Pet'r's Mot. at 16 ("Now that the petitioner legally and physically possesses $2,790 that was previously converted from cash-to-fentanyl in his PSR and used to support his base offense level, the government should no longer be allowed to use that $2,790 to convert from cash-to-fentanyl and support his base offense level."). In his reply brief, after asserting that Claim 1, regarding the other transactions, was a claim for ineffective assistance, Thurlow describes Claim 2 differently, saying instead: "the petitioner also argued that because $2,790 in US currency was returned to him post sentencing, that the 46 grams of fentanyl that it was attributed to at sentencing, should no longer be allowed to be considered part of his drug quantity calculations." Pet'r's Reply at 2; see also id. at 10 ("In the petitioner's 28 U.S.C. § 2255 Opening Brief, he argued that because $2,790 in US currency was returned to him after the US Government had previously converted it to 46 grams of fentanyl, that this court should no longer allow the Government to hold the petitioner accountable for the 46 grams of fentanyl it was attributed to at sentencing."). In other words, Thurlow has not argued that his lawyer ineffectively represented him in agreeing to the cash conversion amount, but simply that his settlement with the State in 2017 should retroactively affect the 2016 federal sentencing Guideline calculations.

**WAIVER OF CALCULATION CLAIM**

In his objection to the Magistrate Judge's Recommended Decision, Thurlow expresses great frustration at the Magistrate Judge's statement that:

> [Thurlow] challenges the Government's assertion that he could have raised on appeal his objection to the conversion of all the cash to an amount of fentanyl given that the state agreed to return some of the money.  Although [Thurlow] argues that he did not receive the money until after he filed his opening brief on appeal, he fails to explain why he was unable to challenge the amount at sentencing or on appeal based on the agreement he reached with the state before he filed his opening brief, even though he had not yet received the money.

Recommended Dec. at 9.  Thurlow points out that the First Circuit most likely would not have countenanced such an argument about the settlement of the state forfeiture proceeding (his agreement with the state following the federal sentence) on direct appeal of his federal sentence.  Pet'r's Obj. at 2-5 (ECF No. 90); Additional Attachment (letter argument) (ECF No. 92).  I accept Thurlow's argument about his inability to raise that factual development on appeal.

But the Magistrate Judge is still correct in his resolution of the cash conversion issue.  That is because what happened in the state court proceedings *after* I sentenced Thurlow has no bearing on what happened *at the time of* his federal sentencing.  Sentencing was the time to object to the conversion of the seized cash to drug quantity, and neither Thurlow nor his lawyer did so.  I congratulate Mr. Thurlow in ultimately getting some money into his commissary account as a result of the later state proceeding and settlement, but what the state court did after I imposed the federal sentence, and what an assistant Attorney General did in agreeing to settle that case, do not affect the earlier

6

federal sentence, which was based upon what Thurlow agreed to at the time of sentencing. That clock cannot be turned back. As the Magistrate Judge pointed out in his footnote 1, the First Circuit treated the drug quantity argument on the two additional transactions (Thurlow's first argument, now abandoned) as *waived* by Thurlow's express withdrawal of the drug quantity calculation. Recommended Dec. at 7 n.1; J. of Ct. of Appeals at 1. That waiver conclusion applies equally to Thurlow's challenge to the cash conversion.

And if the challenge was not waived, it was procedurally defaulted by Thurlow's failure to challenge the amount of cash converted at sentencing, unless Thurlow can demonstrate cause for the default and also resulting prejudice. Berthoff v. United States, 308 F.3d 124, 127-28 (1st Cir. 2002); see also Strickland v. Washington, 466 U.S. 668, 687 (1984). As the Magistrate Judge pointed out, the only argument that could do so would be ineffective assistance of counsel.

## INEFFECTIVE ASSISTANCE CLAIM

Although Thurlow did not argue ineffective assistance on this issue, the Magistrate Judge gave him the benefit of the doubt and treated Thurlow as having made the argument. But the argument cannot succeed. At sentencing, defense counsel made clear that as a tactical matter he and Thurlow had decided to forego the drug quantity argument on the hope that the request for a variant sentence well below the guideline range would prevail. Defense counsel made that statement in Thurlow's presence and Thurlow agreed to it. Sent'g Tr. at 3:2-13, 4:22-5:6 (ECF No. 48). As both the lawyers and I pointed out at sentencing,

7

Thurlow is an intelligent man. His lawyer's tactical advice was well within the "objective standard of reasonableness" that governs an inadequate assistance claim, Strickland, 466 U.S. at 688, and Thurlow intelligently agreed to it. It was "the sort of technical, strategic decision-making that [reviewing courts] are loath to second guess." United States v. Dunfee, 821 F.3d 120, 130 (1st Cir. 2016). What happened later in state court and in settlement negotiation does not alter what happened at federal sentencing.

If Thurlow had argued ineffective assistance of counsel on the cash conversion issue, the only question would have been whether his lawyer adequately represented him based upon what was known then, not what happened later. Thurlow has not shown that at sentencing his lawyer represented him below the "objective standard of reasonableness."[6]

I also agree with the Magistrate Judge that there is no need for an evidentiary hearing. All I have said here is apparent on the record, and I was the sentencing judge present for all the proceedings, so I am already familiar with the facts on the record. See Moreno-Morales v. United States, 334 F.3d 140, 145 (1st Cir. 2003) ("Evidentiary hearings on § 2255 petitions are the exception, not the norm," and are "not necessary when a § 2255 petition . . . is conclusively refuted as to the alleged facts by the files and records of the case.").

---

[6] I therefore do not reach Strickland's second requirement for a successful ineffective assistance of counsel claim, that Thurlow must also show a reasonable probability that my sentence would have been lower. See Strickland, 466 U.S. at 687.

8

**CONCLUSION**

It is therefore **ORDERED** that the Recommended Decision of the Magistrate Judge, as modified above, is hereby **ADOPTED**. The motion for habeas relief under 28 U.S.C. § 2255 is **DENIED** without an evidentiary hearing. No certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases shall issue because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

**SO ORDERED.**

**DATED THIS 15TH DAY OF MAY, 2020**

/s/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**