UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| v. ) | Criminal No. 2:16-cr-53-DBH |
| ) | |
| DAVID THURLOW, ) | |
| ) | |
| Defendant/Petitioner ) | |

**ORDER ON MOTION TO REDUCE SENTENCE**

On December 10, 2020, David Thurlow filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A)(i) on the basis of "extraordinary and compelling reasons," namely, the "death of a family member caregiver." Def.'s Mot. at 2 (ECF No. 100). He seeks expedited treatment. Id. at 1. Thurlow says he is acting "pro se and with the assistance of Fait Accompli Legal Services." Id. That Dearborn Michigan entity is the return address on the envelope containing Thurlow's motion. Envelope (ECF No. 100-15). The motion is full of anomalies, but I can divine its essence.

On September 29, 2016, I sentenced Thurlow to ten years in prison for fentanyl trafficking. Judgment (ECF No. 30). The Court of Appeals affirmed the sentence on May 16, 2018. United States v. Thurlow, Nos. 16-2237, 16-2262 (1st Cir. May 16, 2018). On May 15, 2020, I denied Thurlow's motion for a sentence reduction. Order (ECF No. 93). The Court of Appeals affirmed that decision on October 13, 2020. Thurlow v. United States, No. 20-1569 (1st Cir. Oct. 13, 2020).

Thurlow is imprisoned at FCI McDowell. Thurlow says that he is due for release September 8, 2024, and eligible for home detention in September 2023. Def.'s Mot. at 2. For the latter assertion he cites "Frank's BOP information, attached as Exhibit 'A'." Id. at 2 n.7. There is no such attachment and I have no idea who "Frank" is.[1] There is an Exhibit 6 (ECF No. 100-6), a BOP record for Thurlow, but it shows a home detention eligibility date of March 8, 2024.

Thurlow says he meets the "extraordinary and compelling reasons" standard of the statute because of the "unexpected death" of his minor children's mother.[2] Def.'s Mot. at 1. Her death is variably referred to as May 24, 2020, Def.'s Mot. at 9, and January 22, 2017, id. at 2. A Maine death certificate attached to Thurlow's motion (ECF No. 100-1) makes clear that in fact she died January 22, 2017, *i.e.*, almost four years ago, fewer than four months after I originally sentenced Thurlow.[3] Thurlow says that the children are "temporarily being cared for" by their maternal grandmother, Def.'s Mot. at 2, but that "it is creating a hardship on their temporary guardian," and he needs to be home to care for them, id. He attaches a letter from the grandmother (ECF No. 100-2). In it, the grandmother says, "I am capable of caring for my grandchildren," but that a "positive male role model would be beneficial."

---

[1] "Frank" is referred to in a number of footnotes, see, e.g., Def.'s Mot. at 12-13 n.14, and a number of exhibits are referred to that are not attached, see, e.g., Def.'s Mot. at 10 (citing Thurlow's request for relief to the Warden as footnote 11). There is no footnote 11 and there is no such letter attached. I do find the Warden's letter denying relief as Exhibits 8-10. The motion also refers to what "this Court" has done, citing a decision from the Southern District of Indiana. Def.'s Mot. at 9. It appears that Thurlow's motion is a cut-and-paste effort from some other motion.
[2] One child is Thurlow's biological child; the other is not, but Thurlow treats him as his child.
[3] The death certificate also says that the decedent was never married (Thurlow sometimes refers to her as his wife, see, e.g., Def.'s Mot. at 13), but that is irrelevant to this motion.

2

In referring to the "death of a family member caregiver," Thurlow is undoubtedly referring to Guideline 1B1.13 cmt. 1(C)(i), which defines "extraordinary and compelling reasons" as including "death or incapacitation of the caregiver of the defendant's minor child or minor children." I have said that this Guideline is not binding but provides helpful guidance. See United States v. Fox, No. 2:14-cr-03-DBH, 2019 WL 3046086, at *3 (D. Me. July 11, 2019), aff'd, No. 19-1785 (1st Cir. July 23, 2020) ("the district court did consider other relevant circumstances not specifically enumerated in the guidelines").[4]

But with or without the Guideline comment, Thurlow does not meet the "extraordinary and compelling reasons" standard. It is always tragic when a defendant's criminal conduct affects the defendant's children. That is hardly extraordinary. Fortunately Thurlow's children have a grandmother willing and able to care for them, as she has since January 2017.[5] Although she and they might like to have Thurlow home with them, that desire does not meet the standard.

Accordingly, Thurlow's motion is **DENIED**.

**SO ORDERED.**

**DATED THIS 15TH DAY OF DECEMBER, 2020**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

[4] Circuit courts other than the First Circuit have said that it applies only when the Bureau of Prison brings a motion for compassionate release. See United States v. McCoy, Nos. 20-6821, 20-6869, 20-6875, 20-6877, 2020 WL 7050097, at *7-8 (4th Cir. Dec. 2, 2020); United States v. Jones, No. 20-3701, 2020 WL 6817488, at *7-9 (6th Cir. Nov. 20, 2020); United States v. Gunn, No. 1959, 2020 WL 6813995, at *2 (7th Cir. Nov. 20, 2020); United States v. Brooker, 976 F.3d 228, 235-37 (2d Cir. 2020).

[5] I note that is also the reason BOP gave for not granting relief to Thurlow. Warden Resp. dated May 15, 2020 (ECF No. 100-9), Resp. to Req. for Administrative Remedy dated June 12, 2020 (ECF No. 100-10).